Use of Hugh C. Smith and Hugh C. Smith, Administrator of Charles Shearer, Deceased, The State of Delaware *vs.* William Simmons, George W. Vernon, Nathan Lieberman and Philip P. Tyre.

*Scire Facias — Sheriff — Case Stated — Judgment — Lien — Terre Tenants—Execution—Sale of Lands; Application of Proceeds—Interest—List of Liens.*

1. It is the duty of the sheriff to distribute the proceeds of sale among the parties legally entitled. The burden is upon him as a part of the duties of his office to make a proper and legal destribution of such proceeds, and he does it at his peril.

2. The Court has no option to remit the 20 per cent. interest fixed by *Sec. 3, Revised Code, 259*, in cases where sheriff neglects to apply money according to the condition of his recognizance.

(*March 15, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

HERBERT H. WARD for plaintiffs.

BENJAMIN NIELDS for defendants.

Superior Court, New Castle County, February Term, 1900.

ACTION OF DEBT on Sheriff's recognizance, (No. 201, May Term, 1897). This was a CASE STATED, the material facts of which were as follows:

At the May Term, 1880, of the Superior Court for New Castle County, the firm of Platt & Elkinton recovered a judgment against Sarah Shearer (widow of William Shearer, deceased,) for the real debt of $1,000, besides interest and costs, which judgment thereby became and thence forthwith continued a lien on all the lands of Sarah Shearer. That the said Sarah Shearer by indenture dated

the 29th of August, 1883, conveyed to Charles Shearer, and Hugh C. Smith, in fee simple, as tenants in common, in equal shares, among other lands, a certain lot or piece situate in the City and County of New Castle and State of Delaware, particularly described in Deed Record "Q.—11", page 263.    That Sarah Shearer after the recovery of the judgment aforesaid and after the conveyance of the lands and premises aforesaid, departed this life intestate, and letters of administration were granted unto Anna P. Gallagher.   That after said letters of administration were granted, Mary Jane Banks and John McFarland, executors of William Banks, recovered at the November Term, 1886, a judgment against Anna M. Gallagher, Administratrix of Sarah Shearer, deceased, for the real debt of $349.40, with interest, besides costs, etc.   That the said Charles Shearer, one of the tenants in common aforesaid, departed this life on the 14th of January, 1884, leaving to survive him two children, his only heirs at law, viz: John Shearer and Charles Shearer, to whom the part or share of the said Charles Shearer in the lands aforesaid—being one undivided equal half-part thereof—descended in fee simple and equal shares.   That the said Hugh C. Smith, John Shearer and Charles Shearer continued seized of the lands aforesaid in fee down to the time of the sale thereof by William Simmons, sheriff, hereinafter mentioned.   That afterwards the said Platt & Elkinton instituted a *scire facias* proceeding upon their judgment against Anna M. Gallagher, Administratrix of Sarah Shearer, deceased.   That in said action, the said Hugh C. Smith, John Shearer and Charles Shearer, the children and heirs at law of Charles Shearer, deceased, were not joined nor in any manner made parties to the action.   That in due course a *fieri facias* was issued upon the said judgment and an inquisition was held, the land condemned, and the property sold by William Simmons, sheriff, on the 17th day of November, 1892, to Michael R. Reedy for $3,000, which sum of $3,000 came into the hands of William Simmons as sheriff, as aforesaid.   That on the ———— day of December, 1892, the said William Simmons paid to Platt

& Elkinton $1,440 in satisfaction of their debt and interest, and on May 18th, 1893, paid to Mary Jane Banks and John McFarland, executors of William Banks, deceased, the sum of $475.32, in satisfaction of their said judgment; and after satisfying all costs and paying the taxes accrued on said lands, there remained an overplus of $772.44 of the proceeds of the sale, which said overplus was paid to H. H. Ward, attorney for Hugh C. Smith, and John Shearer and Charles Shearer, *terre* tenants of the said lands and premises. That after the said payment to William Banks' executors, as aforesaid, of the sum of $475.32, and before and after the payment by the sheriff to H. H. Ward, attorney for said *terre* tenants, the said *terre* tenants made demands upon the sheriff for the said sum of $475.32 together with the further sum of $13.34, applied by the said sheriff to the costs of the said judgment, aggregating the sum of $488.66, with interest, etc., to be paid them the said *terre* tenants, they the said *terre* tenants claiming that the said sheriff could not legally apply said last mentioned sum to the debt, interest and costs of the said judgment of William Banks' executors. But the said William Simmons, sheriff, refused to pay the said *terre* tenants the sum of money aforesaid. The said sum of $775.44 was so paid by the said sheriff and received by the said *terre* tenants without relinquishment on the part of the said *terre* tenants of their further demand, etc.

*H. H. Ward*, for plaintiffs, contended that it was the duty of sheriff to make a proper distribution to and among the parties who were legally entitled to the proceeds, in their order of priority; that the duty was upon him, and he distributed funds at his peril.

*Benjamin Nields*, for the defendant, contended, that inasmuch as in the *scire facias* upon the judgment of Platt and Elkinton against Shearer's Administratrix, the *terre* tenants (Hugh C. Smith and Charles Shearer and John Shearer) had not been joined, the sheriff had no means of knowing that those *terre* tenants had any interest in the property, and having received no notice, from the judgment, of the *terre* tenants' interest, the sheriff was bound to

distribute the funds among such judgment creditors only as appeared from the prothonotary's search against Sarah Shearer, the defendant.

The Court held that the duty was upon the sheriff to distribute the proceeds of the sheriff's sale to and among the parties legally entitled thereto; that the burden was upon him as a part of the duties of his office, and he did it at his peril.

The Court in handing down its decision stated that it had no option in remitting the 20 per cent. interest fixed by the statute upon the amount claimed. Judgment was thereupon entered for the plaintiffs for the sum of $488.66 with interest thereon from the 19th day of February, A. D. 1897, at the rate of 20 per centum per annum, in pursuance of the statute in that behalf, until said principal sum is paid, etc.